DAVID M. FARNUM *vs.* BALLARD VALE MACHINE SHOP.

Prior to *St.* 1851, *c.* 315, if a manufacturing corporation was defaulted in an action, the stockholders therein who had been summoned in, as being individually liable, could not deny the liability of the corporation, but were confined to the question of their individual liability. And if that statute allows a different course, it does not affect a case pending when it was enacted.

The proper form of a writ against a corporation, and also against individual stockholders, summoned in under *St.* 1851, *c.* 315, given in a note.

THIS was an action on a promissory note, for $1,288.99, dated February 28, 1849, payable in one year after date, and signed by Levi B. Merriam, treasurer of the corporation, called the Ballard Vale Machine Shop, payable to his order, and indorsed by him. The action was commenced May 1, 1850, and service was made on the corporation, and also upon John Abbott, Daniel P. Abbott, and P. P. Pillsbury, who were admitted to defend. The corporation consented to a default at the first term, but John Abbott, one of the persons admitted to defend, at the December term, 1851, filed the following plea :

" The said Abbott comes and defends and says that as such stockholder, he is not liable to the said plaintiff in said action, and of this he puts himself upon the country." Issue was joined on this plea. At the trial in the court of common pleas, before *Hoar*, J., the individual defendants relied upon a defence to the note itself, the particular nature of which it is unnecessary to state, but the presiding judge ruled upon the facts proved, that the action could be maintained and a verdict was rendered for the plaintiff, to which said individual defendants excepted.

*J. W. Perry*, for the individuals defending.

*J. G. King*, for the plaintiff.

SHAW, C. J.[1] This is a suit on a promissory note, commenced against a manufacturing corporation, May 1, 1850 It appears by the bill of exceptions, that the defendant corporation appeared at the first term, and offered in writing to be defaulted, and their default was entered. But it further appears that John Abbott, Daniel P. Abbott, and P. P. Pillsbury, were admitted to defend, we presume upon the ground of being individual stockholders in a manufacturing corporation, and as such, conditionally liable for its debts.

It appears to us, that the action was tried upon an issue, not raised by the pleas, and which the individual stockholders had no authority to raise. This action was commenced in May, 1850, before the *St.* 1851, *c.* 315, on this subject, was passed. This provides, section 1, that no individual stockholder shall be liable, unless served with process; and section 2 enacts that such stockholder shall be admitted to defend. But the further provisions of this section plainly indicate, what defence he may make, which is, against his own liability, as such stockholder. And if it shall appear that he is not liable, judgment for him shall be entered upon the issue joined, and for his costs; and at the same time, judgment may be entered against the corporation for damages and costs,

---

[1] This, and the next three cases, were argued and decided at the October term, 1852. Present: SHAW, C. J., and DEWEY, METCALF, BIGELOW, and CUSHING, JJ.

as upon a default. This latter clause must, no doubt, be construed to mean, if the corporation make no defence on the merits.

Before this statute, it is very clear, that individual members could not appear and defend, in the name of the corporation, without or against the authority and consent of the corporation, expressed in the regular mode, according to its organizations. It would be contrary to first principles. A corporation is a body politic, a person in law, distinct from that of all its members, and may deal with them, sue them or be sued by them, as by other parties. If one member or set of members might appear and represent the corporation, any others may do the same, they may make different and inconsistent defences, bind the corporation by their acts and admissions, against the will of the majority legally expressed, and thus lead to confusion and a conflict of rights. And this is settled upon authority, and in a stronger case than that of a manufacturing company, which is a strict close corporation, viz.: in case of a school-district, in which, as in towns and parishes, the suit is deemed a suit against all the inhabitants, described by an aggregate designation, by a judgment in which, each and all are bound, and liable to execution. *Lane* v. *School District of Weymouth*, 10 Met. 462.

The above statute was passed after this action was commenced, but before the pleas were filed; and if the individuals, afterwards admitted to defend, were named in the writ, perhaps it might be on the ground, that this statute applied to the case, so far as it was directory of the future proceedings. But whether this was so held or not, the spirit of the statute seems to have directed the proceedings, for we find that one of the defendants, John Abbott, did file a plea, December 16, 1851, after the statute was passed, and we presume they were all alike, in which he comes and defends and says, that as such stockholder, he is not liable to the said plaintiff in said action, and tenders an issue to the country, which is joined by the plaintiff. Upon these several issues, it was not competent for three individual defendants to raise any question in regard to the merits, or whether the defendant corporation was liable

43*

to the plaintiff, as set forth in the declaration, or not, and the exceptions taken by them must be overruled.

If the *St.* of 1851, declaring that the person or property of any stockholder shall not be hereafter taken, unless a summons in the action shall be left with him, which applies to the commencement of the suit, shall be held not to apply to a case previously commenced, then these issues were immaterial, and the proceedings merely void and of no effect. In either case, the plaintiff is entitled to judgment.

NOTE. As the *St.* of 1851, *c.* 315, provides for introducing those stockholders, whom the plaintiff desires and proposes to charge for the debts of a manufacturing company under previous statutes, and for giving them an opportunity, each to contest his liability, by a collateral proceeding, but has given no form of process, it has been suggested in 9 Cush. 579, that the form of the trustee process, in common use, prescribed by *St.* 1794, *c.* 65, would be very suitable and convenient, substantially as follows:

After the writ and declaration by the plaintiff against the ――― Manufacturing Company down to the *ad damnum.* Then proceed:

And whereas the said A B [plaintiff] saith that C D, of &c., E F, of &c., and G H, of &c., are stockholders in the said ――― Manufacturing Company, and liable for the debts of the same, and more especially for the debt aforesaid, alleged to be due from the said ――― ――― Company to the said A B: We command you, therefore, that you summon the said C D, E F, and G H, if they may be found in your precinct, to appear before our justices of our said court, to be ho den as aforesaid, to show cause (if any they have) why the execution, which may issue upon such judgment as the said A B may recover against the said ――― Company in this action (if any), should not be levied and served, unless the same shall be otherwise satisfied and discharged, by taking the persons or property of them, the said C D, E F, and G H, according to law. And have you there this writ, with your doings thereon. Witness, &c.

――― ――― Clerk.